**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

In re: **Helen Maxine Stinnie,**                                   Case No: 16-60846
      *Debtor* Chapter 7

**Debtor's Motion for Waiver of Credit Counseling Requirement**

In response to Notice issued May 9, 2016 by the Bankruptcy Court setting this matter for hearing on June 16, 2016, Debtor hereby requests this court, pursuant to authority accorded by U.S.C. Title 28 and its powers set out in 11 U.S.C. 105(a), waive the requirement under 11 U.S.C 109(h) to file a Certificate of Credit Counseling dated within a 180 period ending on the date of the filing of the bankruptcy petition.

In support of her motion, debtor's attorney, on behalf of debtor, states as follows:

1. Just prior to filing debtor's Chapter 7 bankruptcy petition, Debtor's counsel noticed that the Certificate of Credit Counseling originally provided by the debtor to counsel's office as part of the bankruptcy in-take procedure was dated substantially prior to the requirements of 109(h).

2. Debtor and counsel then discussed the Debtor's obtaining a second and timely Certificate of Credit Counseling.

3. Counsel was under the impression that the Certificate that debtor would provide counsel would be dated April 27, 2016 or shortly prior thereto and that he would be permitted to file such a certificate after filing the petition.

4. Debtor's attorney filed debtor's Chapter 7 bankruptcy petition April 27, 2016 prior to having in hand a copy of the Debtor's Credit Counseling Certificate.

5. Debtor provided counsel via email a pdf certification of the credit counseling requirement reflecting a completion date of April 28, 2016.

6. Debtor's attorney filed the above-referenced certificate with the court.

7. At the time of filing the above-referenced certificate debtor's attorney did not notice that the date on the certificate was, in fact, one day beyond the 180 day period set forth in Section 109.

8. Debtor is indigent.

9. Debtor, in fact, has completed the Credit Counseling Course requirements twice.

10. Debtor's application to waive payment of the bankruptcy filing fee due to her indigent status has been approved.

11. The Creditor's meeting has been set for June 3 and Debtor's counsel anticipates the Trustee to issue a notice of no distribution shortly thereafter.

12. It would be a substantial burden to the Debtor to deny her anticipated discharge on the basis of what amounts to her counsel's inadvertence in filing the petition one day prior to the date of credit counseling certification.

WHEREFORE, counsel respectfully prays the court -- pursuant to its statutory and other general authority to remedy *de-minimus* procedural error in order to effect justice in connection with the bankruptcy process -- to grant any waiver and or modification it considers necessary to deem debtor's Petition and Certificate of Credit Counseling to have been timely filed.

Document    Page 3 of 3