**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

**In re:**
**HELEN MAXINE STINNIE,**                                    **Chapter 7**
    **Debtor.**                                             **Case No. 16-60846**

**ORDER**

The debtor, by counsel, filed a voluntary chapter 7 petition on April 27, 2016, in the United States Bankruptcy Court for the Western District of Virginia, which disclosed that the debtor "received a briefing from an approved credit counseling agency within 180 days before [she] filed this bankruptcy petition, and [she] received a certificate of completion." ECF Doc. No. 1. The debtor and her counsel signed the petition on April 14, 2016. On May 3, 2016, the debtor filed her certificate of credit counseling with the Court. ECF Doc. No. 10. The certificate stated that the debtor took the credit counseling course on April 28, 2016, which was one day after the filing of the petition and two weeks after declaring under penalty of perjury that she "received a briefing from an approved credit counseling agency within 180 days before [she] filed this bankruptcy petition, and [she] received a certificate of completion." ECF Doc. No. 10.

On May 9, 2016, the Clerk's Office issued a notice to parties in interest that a hearing would be held on June 16, 2016, to consider:

> eligibility of the debtor to proceed in this case pursuant to 11 U.S.C. § 109(h) when the debtor has (i) disclosed in her chapter 7 petition for relief that she completed a credit counseling briefing with an approved agency within 180 days prior to the April 27, 2016 petition date, ECF Doc. No. 1 at 5, but (ii) filed with the Court a credit counseling certificate that discloses she completed the credit counseling briefing on April 28, 2016, which is after the petition date, ECF Doc. No. 10.

In response to the notice, the debtor filed a motion asking the Court to waive the credit counseling filing requirement. ECF Doc. No. 14. In the motion, counsel for the debtor noted

that the debtor had taken an approved credit counseling course, but this course had been completed more than 180 days before the filing of the petition. According to the motion, he then instructed the debtor to take the course again to comply with the timeliness requirement of section 109(h). Counsel for the debtor stated that he was under the impression the debtor would provide him with a certificate of credit counseling that would be dated April 27, 2016, or shortly prior thereto. Counsel for the debtor, based upon such impression, proceeded to file the petition without having proof that the credit counseling course had been taken. Counsel asks this Court to waive the requirement that the credit counseling course be taken pre-petition "pursuant to its statutory and other general authority to remedy *de-minimus* [sic] procedural error in order to effect justice in connection with the bankruptcy process."

The Court held a hearing on June 16, 2016, to consider the debtor's eligibility to be in this bankruptcy case. Counsel for the debtor appeared. Counsel admitted that the debtor did not complete a pre-petition credit counseling briefing within 180 days prior to the filing of the petition. Counsel admitted that he did not have a certificate of completion for the debtor prior to filing the petition. Counsel noted that the debtor took the course one day after the filing of the petition. He argued that the taking of the course is the true requirement and that the Court has discretion to excuse the timeliness of that requirement. Following his argument, counsel urged the Court to permit him to submit a brief. The Court granted counsel fourteen days to submit authorities to support his position.

Accordingly, it is

## O R D E R E D

That counsel for the debtor has fourteen days from the date of this order to submit authorities for his position that: (1) the timeliness requirement of the credit counseling briefing

pursuant to section 109(h) is not mandatory; (2) bankruptcy courts may and should exercise discretion in applying section 109(h); and (3) the Court should not dismiss this case for failure to comply with section 109(h) because "manifest injustice" would result if this bankruptcy case is dismissed.

Copies of this order are directed to be sent to debtor, Helen Maxine Stinnie, 110 West Street, Louisa, VA 23093; debtor's counsel, Richard C. Devor, Jr., Central Virginia Legal Aid Society, Inc., P.O. Box 12206, Richmond, VA 23241; and the chapter 7 trustee, W. Stephen Scott, P.O. Box 1312, Charlottesville, VA 22902.

Entered: June 17, 2016

_____
Rebecca B. Connelly
U.S. Bankruptcy Judge