**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

In re:
**HELEN MAXINE STINNIE,**                              **Chapter 7**
      **Debtor.**                                              **Case No. 16-60846**

**MEMORANDUM OPINION DENYING MOTION TO WAIVE PRE-PETITION
CREDIT COUNSELING REQUIREMENT**

Helen Maxine Stinnie, by counsel, filed a voluntary chapter 7 petition on April 27, 2016, with all accompanying statements and schedules.[1]  Ms. Stinnie filed the case through the Central Virginia Legal Aid Society.  Because Ms. Stinnie's income is less than 150% of the federal poverty guidelines, she paid no attorney's fees for the services.  *See* ECF Doc. No. 1 at 59.  In addition, the Court granted a waiver of the filing fee in the case.  ECF Doc. No. 8.

The petition contains the following statement:  "I received a briefing from an approved credit counseling agency within 180 days before I filed this bankruptcy petition, and I received a certificate of completion."  ECF Doc. No. 1 at 5.  Immediately next to this statement, the petition contains the language: "The law requires that you receive a briefing about credit counseling before you file for bankruptcy.  You must truthfully check one of the following choices.  If you cannot do so, you are not eligible to file.  If you file anyway, the court can dismiss your case . . . ."  *Id.*  The debtor and her counsel signed the petition on April 14, 2016.

On May 3, 2016, Ms. Stinnie filed her certificate of credit counseling with the Court.  ECF Doc. No. 10.  The certificate states that Ms. Stinnie took the credit counseling course on April 28, 2016, which was one day after the filing of the petition and two weeks after declaring

---

[1]  In his brief, counsel for the debtor stated that he filed the petition on April 27, 2016, as a "minimal[ ]" filing, containing nothing more than the petition, matrix and application to waive the filing fee. ECF Doc. No. 21 at 2.  The record in the case, however, does not support his statement.  Counsel filed the entire petition, schedules and statements on April 27, 2016.  ECF Doc. No. 1.  He simply did not file the certificate of completion of a credit counseling briefing.

under penalty of perjury that she received a briefing from an approved credit counseling agency in the 180 days before her petition. *Id.*

On May 9, 2016, the Clerk issued a notice to parties in interest that a hearing would be held on June 16, 2016, to consider:

> eligibility of the debtor to proceed in this case pursuant to 11 U.S.C. § 109(h) when the debtor has (i) disclosed in her chapter 7 petition for relief that she completed a credit counseling briefing with an approved agency within 180 days prior to the April 27, 2016 petition date, ECF Doc. No. 1 at 5, but (ii) filed with the Court a credit counseling certificate that discloses she completed the credit counseling briefing on April 28, 2016, which is after the petition date, ECF Doc. No. 10.

In response to the notice, debtor's counsel filed a motion asking the Court to waive the credit counseling filing requirement. ECF Doc. No. 14. In the motion, counsel noted that the debtor had taken an approved credit counseling course, but she had completed it more than 180 days before her petition date.[2] According to the motion, counsel instructed the debtor to take the course again to comply with the timeliness requirement of section 109(h). Counsel then explained that he was under the impression the debtor would provide him with a certificate of credit counseling that would be dated April 27, 2016, or shortly prior thereto.[3] Based upon such impression, counsel proceeded to file the petition without having proof that the debtor had taken the credit counseling course. Counsel now asks this Court to waive the requirement that the credit counseling course be taken pre-petition "pursuant to its statutory and other general authority to remedy *de-minimus* [sic] procedural error in order to effect justice in connection with the bankruptcy process." ECF Doc. No. 14 at 2.

---

[2] The debtor completed a credit counseling briefing on August 28, 2015. Because the 180-day period expired on February 24, 2016, this certificate became stale and ineffective more than two months before the debtor filed this case.

[3] Counsel makes no reference to the fact that he and the debtor signed the petition on April 14, 2016, affirming that the debtor completed the course within 180 days of that date.

On June 16, 2016, the Court held a hearing to consider the debtor's eligibility to remain in this bankruptcy case.  Counsel for the debtor appeared.  He admitted that the debtor did not complete a credit counseling briefing within 180 days before her petition.  Counsel further conceded that the debtor did not provide him with a certificate of completion that satisfied section 109(h) before he filed her petition. He acknowledged that the credit counseling briefing, completed after the bankruptcy, is untimely. Counsel argued that the taking of the course is the true requirement and that the Court has discretion to excuse the timeliness of that requirement. According to debtor's counsel: (1) the timeliness requirement of the credit counseling briefing pursuant to section 109(h) is not mandatory; (2) bankruptcy courts may and should exercise discretion in applying section 109(h); and (3) the Court should not dismiss this case for failure to comply with section 109(h) because such an outcome would result in a "manifest injustice." Following his argument, counsel urged the Court to permit him to submit a brief.  The Court granted counsel fourteen days to submit authorities to support his position.

   *A. The pre-petition credit counseling briefing requirement.*

To qualify as a debtor under the Bankruptcy Code, an individual must meet certain eligibility requirements. 11 U.S.C. § 109.  Specifically, an individual may not be a debtor under the Bankruptcy Code "unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." *Id.* § 109(h)(1).

The Bankruptcy Code contains three exceptions to the eligibility requirements of section 109(h)(1), none of which apply here.  *See id.* § 109(h)(2)-(4).  Indeed, counsel admits that these

3

exceptions do not apply in this case. Even though the debtor has not met the statutory requirements and does not fall within the statutory exceptions, counsel argues the Court should nonetheless use its equitable powers to waive the statutory requirements in this case. For the reasons explained below, the Court disagrees with counsel and denies the debtor's request to waive the pre-petition credit counseling requirement.

> *B. The Bankruptcy Code's eligibility requirements are not discretionary.*

Counsel argues that the requirements of section 109(h) are not mandatory because sometimes the failure to meet the requirements does not lead to dismissal. According to counsel, because some courts have declined to dismiss a case when confronted with eligibility impediments, this means all bankruptcy courts have discretion to not enforce the statutory requirements. In his brief, counsel relies on *In re Fiorillo*, 455 B.R. 297 (D. Mass. 2011), *In re Mitrano*, 409 B.R. 812 (E.D. Va. 2009), and *In re Hess*, 347 B.R. 489 (Bankr. D. Vt. 2006). Upon further review, however, these decisions do not support counsel's argument in this case.

The Court construes counsel's argument in this way: [4] (1) failure to comply with Bankruptcy Code section 109(h) does not abolish a bankruptcy court's jurisdiction over a case filed in its court; (2) if section 109(h) is not jurisdictional, then the bankruptcy court has discretion to waive its requirements; (3) a bankruptcy court has the equitable power to determine the appropriate consequences for failure to comply with section 109(h); and (4) based on the totality of the circumstances, manifest injustice would occur if this Court dismissed this case for failure to comply with section 109(h).

> 1. Bankruptcy Code section 109(h) does not bestow jurisdiction.

---

[4] The Court finds the brief filed by counsel, at best, difficult to follow. Upon careful review, the Court has culled from the writing what it believes to be counsel's argument.

Counsel is correct that section 109(h) does not confer jurisdiction to a bankruptcy court. Title 28 of the United States Code—not Title 11—is the statutory authority for the bankruptcy court's jurisdiction, and Article I of the United States Constitution is the constitutional authority for this Court's jurisdiction.  *See* U.S. Const. art. I, § 8, cl. 4; 28 U.S.C. § 1334; *see also id.* § 157.   Failure to comply with section 109(h) does not eliminate the bankruptcy court's jurisdiction over cases filed within it.  As such, this Court has jurisdiction over the bankruptcy case of Helen Stinnie and may issue appropriate orders as required by the circumstances of the case.  All the same, the fact that section 109(h) does not confer or remove jurisdiction does not mean that its provisions are discretionary.

2.   Section 109(h) requirements are not freely waivable.

The language of section 109(h) is unambiguous: "an individual may not be a debtor under this title unless" the individual complies with the statute's requirements.  11 U.S.C. § 109(h)(1). Once a court determines the individual who filed the bankruptcy case did not comply with the requirements of section 109(h) and does not fall within one of the statutory exceptions, that individual does not qualify to be a debtor in bankruptcy.  If the individual does not qualify to be a debtor in bankruptcy, it is fitting for the bankruptcy court to dismiss the case.  *In re Mitrano*, 409 B.R. 812, 819 (E.D. Va. 2009); *In re Ross*, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006).  This concept is perhaps best explained in the case *In re Bain*: "although the eligibility requirements of § 109(h) may not be jurisdictional, they are also not freely waivable at the court's discretion, but only, if at all, to prevent an abuse of the bankruptcy system."  No. 08-13395, 2008 WL 2570831, at *2 (Bankr. E.D. Va. June 23, 2008) (citing *In re Lilliefors*, 379 B.R. 608, 611 (Bankr. E.D. Va. 2007)); *see also In re Lilliefors*, 379 B.R. at 611 (denying chapter 7 debtor's request to voluntarily dismiss his case, even though he had not completed his pre-petition credit counseling

5

briefing, because the debtor's motion was an attempt to avoid turnover of significant non-exempt assets to his chapter 7 trustee).

To routinely waive the requirements is akin to simply ignoring the requirements. Counsel suggests that this Court disregard the timeliness requirements of section 109(h). The Court construes this as a suggestion to arbitrarily select which provisions of the statute to follow. The Court declines. This Court agrees with the holdings of *Mitrano*, *Bain*, and *Ross*, and concludes that although the eligibility requirements of section 109(h) are not jurisdictional, they are not freely waivable. Such waiver, if permissible at all, should be to prevent an abuse of the bankruptcy system. *See* 11 U.S.C. § 105(a) (authorizing bankruptcy courts to "take[ ] any action . . . necessary . . . to prevent an abuse of process"); s*ee also Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (quoting *Hartford Underwriters Ins., Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)).

3.   Waiver to prevent an abuse of the bankruptcy system.

Counsel for the debtor cites the opinion of *In re Fiorillo*, 455 B.R. 297 (D. Mass. 2011), in support of his argument that failure to comply with section 109(h) does not compel dismissal of the case. Counsel's reliance on *Fiorillo* is misplaced. The circumstances in *Fiorillo*[5] are reminiscent of those in *Lilliefors*, 379 B.R. 608 (Bankr. E.D. Va. 2007): in both cases, in order to

---

[5]   When he filed his chapter 11 petition, Mr. Fiorillo represented to the bankruptcy court that he had completed a pre-petition credit counseling briefing in compliance with section 109(h). *Fiorillo*, 455 B.R. at 299. During the case, Mr. Fiorillo failed to comply with orders of the bankruptcy court, in particular with regard to filing appropriate disclosures. *Id.* at 299–300. Later, the bankruptcy court converted Mr. Fiorillo's case from chapter 11 to chapter 7 for cause based at least in part on his non-cooperation in the chapter 11 proceedings. *Id.* at 300. Subsequently, Mr. Fiorillo moved to voluntarily dismiss his chapter 7 case, asserting that he did not complete a pre-petition credit counseling briefing, an assertion directly contrary to the sworn statement that accompanied his petition. *Id.* Finding judicial estoppel applied, the bankruptcy court declined to permit voluntary dismissal of the case, and on appeal the district court affirmed on the same grounds. *Id.* at 300, 311.

avoid disclosure or turnover requirements, a debtor attempted to use section 109(h) as a basis to obtain an otherwise impermissible voluntary dismissal.

*Fiorillo* and *Lilliefors* are examples of debtors attempting to abuse the bankruptcy system. *See Fiorillo*, 455 B.R. at 311 ("Fiorillo participated in the bankruptcy proceedings only to the extent that he thought it convenient for him. . . . His failure to file his certification of compliance for more than three months—perhaps in order to retain noncompliance as an offensive weapon for eliminating his bankruptcy pleading when it suited him—until compelled by the court further suggests bad faith."); *Lilliefors*, 379 B.R. at 611.   Indeed, the courts in *Fiorillo* and *Lilliefors* did not make a finding that the debtors were ineligible under section 109(h).[6]

This Court, on the other hand, is not faced with any showing that dismissing Ms. Stinnie's bankruptcy case would permit an abuse of the bankruptcy system.  Ms. Stinnie is not attempting to voluntarily dismiss to avoid disclosure or turnover obligations.  To the contrary, she is trying to obtain the protections and benefits of bankruptcy without complying with the statutory requirements.  Ms. Stinnie did not comply with the statutory requirements of section 109.  She is ineligible to be a debtor in this case.  Despite her current ineligibility, Ms. Stinnie will be eligible to file a new bankruptcy petition using her latest certificate of credit counseling, which is effective for 180 days from April 28, 2016.

Counsel is correct that a bankruptcy court has the equitable power to determine the appropriate consequences for failure to comply with section 109(h), including declining to dismiss a case.  All the same, counsel has failed to make a sufficient showing that having such authority makes any difference in this case.

---

[6]     Both the *Fiorillo* and *Lilliefors* courts invoked the doctrine of judicial estoppel in reaching the decision to keep the debtors in their respective bankruptcy cases.  Ms. Stinnie is not attempting to assert inconsistent legal positions before this Court to take advantage of the bankruptcy system.  Accordingly, these cases are inapposite.

4.  Dismissal of this case will not result in "manifest injustice."

Counsel for the debtor points out that some courts will not dismiss a case for failure to comply with section 109(h) if dismissal will produce "manifest injustice."  ECF Doc. No. 21 at 7, 12.  Counsel cites *In re Hess*, 347 B.R. 489 (Bankr. D. Vt. 2006), as support.  As before, counsel's reliance on *Hess* is misplaced.

In *Hess*, the court described exceptional circumstances that were "extraordinary and beyond [the debtor's] control."  *Id.* at 501.  Considering the totality, that court concluded dismissal would result in "manifest injustice."  *Id.* at 499.  Even *Hess*, however, emphasized that "[t]he plain language of § 109(h) makes clear that, as a general rule, if an individual seeking bankruptcy relief fails to file proof of pre-petition bankruptcy counseling and does not fulfill all of the procedural requirements for either a waiver or exemption, her bankruptcy case will be dismissed."  *Id.* at 501; *c.f. In re Dyer*, 381 B.R. 200, 205 (Bankr. W.D.N.C. 2007) (rejecting substantial compliance argument and dismissing case when debtors completed credit counseling 204 days pre-petition, adding that "[n]othing prevented [debtors] from obtaining their counseling within the specified time period, except their own inaction").

This Court need not decide if the doctrine of manifest injustice applies to the pre-petition credit counseling requirement because this case does not present any exceptional or extraordinary circumstances.  *See In re Mitrano*, 409 B.R. 812, 818 n.4 (E.D. Va. 2009) (finding it unnecessary to determine if the doctrine of manifest injustice applied to section 109(h) when the case did not present extraordinary circumstances).  Nothing prevented the debtor from completing the credit counseling course pre-petition; she simply did not take it and her counsel did not bother to check whether she had.  These circumstances are not in the least extraordinary.

What is more, counsel has not provided any showing of *how* dismissal of this case causes manifest injustice. Counsel noted that the debtor would have to file a new petition and new schedules and appear at a new section 341 meeting. Yet, counsel did not explain or provide any showing that these circumstances constitute manifest injustice. "Whatever may be the exact contours of manifest injustice, a mere misunderstanding of the facts, and the mere inconvenience of having to file a second time, does not rise to that level." *In re Karim*, No. 09-11268, 2009 WL 2044694, at *5 (Bankr. E.D. Va. July 7, 2009).

Ms. Stinnie has not paid any fees to the Court, nor has she paid any attorney's fees. This Court has not imposed any conditions on a dismissal or restrictions on her refiling. No exceptional circumstances appear in Ms. Stinnie's case. This Court is not persuaded that dismissal without prejudice is a manifest injustice.

   *C. Dismissal is appropriate.*

It is well established that if an individual is ineligible to be a debtor in bankruptcy, it is fitting for the bankruptcy court to dismiss the case. *See In re Mitrano*, 409 B.R. 812, 819 (E.D. Va. 2009); *In re Ross*, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006). The statutory language of section 109(h) is plain and unambiguous: eligibility requires an individual to take a credit counseling course "during the 180-day period ending on the date of filing of the petition." The debtor in this case did not take the credit counseling course during that time period. She has not articulated any reason why this requirement is inapplicable to her nor why the requirement should be waived. Further, the eligibility requirements are not freely waivable by this Court when, as in this case, there is no purported abuse of the bankruptcy system. Because the debtor is ineligible to proceed as a debtor in this case, it is appropriate to dismiss this case without

prejudice.  The Court will contemporaneously issue an order consistent with the findings and ruling of this Memorandum Opinion.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel for the debtor.

**Entered: August 4, 2016**

Rebecca B. Connelly
U.S. Bankruptcy Judge